```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   JACKSONVILLE DIVISION


DARRYL ALLMOND,

                Plaintiff,

v.                                  Case No. 3:07-cv-186-J-33JRK

BANK OF AMERICA, et al.,

                Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to two defense motions filed on August 14, 2007. The first motion, filed by defendants Bank of America, Eduardo Carrasco, and Kenneth Lewis, primarily requests that the Court dismiss Allmond's complaint for failure to state a claim. (Doc. # 11.) It also requests that the Court strike from the complaint all reference to punitive damages, and that the Court quash service of the summons and complaint. (Doc. # 11.) The second motion was filed by Early Warning Services, LLC. (Doc. # 12.) Early Warning was not named as a defendant; however, it previously did business as Primary Payment Systems, an entity which was named in the complaint. (See Doc. # 12.) Early Warning requests that the Court dismiss the complaint for failure to state a claim. (Doc. # 12.) Allmond filed a response to these motions on September 4, 2007. (Doc. # 16.) For the reasons that follow, Allmond's complaint is due to be entirely

1

dismissed against the Bank of America defendants and dismissed in part against Early Warning.

## I. Allmond's Complaint

Allmond filed his complaint pro se on March 19, 2007. It consists of eight handwritten pages and several attachments. (Doc. # 1.) The handwritten material is difficult to understand. Nevertheless, the Court can make out that Allmond primarily complains that the defendants reported false information about his credit history. The Bank of America defendants reported this information to the credit bureau Early Warning, and Early Warning reported this information to other banks with whom Allmond sought to do business.

Allmond's precise allegations are unclear, so the Court reproduces the complaint's factual allegations in full:

> 12. On date 3-27-05, Defendants Bank of America, Janet Hunter, Primary Payment Systems, Chex Systems filed false information about the Plaintiff. That the Plaintiff abuse Automated Teller Machine by putting blank envelopes in the machine and receiving money.
>
> 13. On or around 2-18-05, Plaintiff was in jail at the Pretrial Detention Center and was release on 2-19-05 and reported to defendant Eddie Corasco [sic], a manager at Bank America that his check card had been stolen however, the defendant didn't closed the checking account or the ATM card until Feb. 23, 2005, six calendar days after the Plaintiff indicated there were unauthorize debit card transactions.
>
> 14. Defendants Ken Lewis [CEO], Bank America, are responsible for failing to implement a policy to protect wary citizen from unconstitutional protection cause by their employees, that created a custom to file false and incomplete information of an unofficial policy that have

an affect of an official policy and are liable for damages.

15. Because of the false reported information to a 3rd parties AmSouth Bank, Washington Mutual BA, Compass Bank, Wachovia Bank, has damaged the Plaintiff and cause him to be denied to open Accounts at Banks, receive credit cards, insurance or employment and imputed Plaintiff in a commission of a crime and charge Plaintiff over $2,000.00 dollars in unauthorize transactions.

16. Defendants violated the Privacy Act, 15 U.S.C. and the Anti Fraud Exchange stat. and maliciously slander and libel the Plaintiff and are in Possession of the specific transaction that were disputed and account statements and has refuse to submit copy's to the Plaintiff or to the OCC.

17. Plaintiff rest upon the grounds stated above.

(Doc. # 1, at 5-6.)

Apparently, Allmond alleges that someone stole his debit card and made $2000 in unauthorized transactions. The import of this allegation is unclear. Also, Allmond alleges Bank of America falsely reported, presumably to a credit bureau, that Allmond had somehow used blank envelopes to abuse an automated teller machine. It appears the credit bureau to which Bank of America reported this information was Early Warning, then known as Primary Payment Systems. Apparently, Early Warning passed this information along to other banks, which in turn refused to do business with Allmond.

According to Allmond, these facts give rise to claims under 42 U.S.C. § 1983, the First and Fourteenth Amendments to the U.S. Constitution, and the Fair Credit Reporting Act. Allmond also mentions several other federal statutes. Among the federal

authorities Allmond cites, only the Fair Credit Reporting Act could colorably give rise to a cause of action on the facts Allmond alleges.

**II.  The Motions to Dismiss**

The Bank of America defendants argue that Allmond has failed to state a claim under the Fair Credit Reporting Act or any other federal statute Allmond mentions in his complaint.[1]  These defendants admit that Allmond "alleges conduct on the part of Bank of America which could, if true, violate certain duties under 15 U.S.C. § 1681s-2(a)," but then explain that this subsection of the Fair Credit Reporting Act is not privately enforceable.  (Doc. # 11, at 7.)  These defendants then point out that Allmond has not stated a claim under § 1681s-2(b) because he has not pleaded a required element of such a claim: notice.  The Court agrees and finds that Allmond's complaint should be dismissed as against the Bank of America defendants.

Early Warning argues that Allmond's complaint is so vague and ambiguous that Early Warning cannot frame a responsive pleading. Moreover, Early Warning explains that liability may only be imposed upon a consumer reporting agency if the agency acted willfully or negligently.  Early Warning explains that the complaint is devoid

---

[1]These defendants also raise several other arguments, but the resolution of their argument that Allmond has failed to state a claim makes it unnecessary for the Court to address these other arguments.

of any allegation that Early Warning acted willfully or negligently. For both these reasons, Early Warning submits that Allmond's complaint fails to state a claim. While the Court agrees that Allmond's complaint is less than perfectly clear and fails entirely to state a claim under the Fair Credit Reporting Act, the Court finds that Allmond had sufficiently stated a claim under state law against Early Warning.

**III. Standard of Decision**

On a motion to dismiss, a district court must accept as true all the allegations in the complaint and construe them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). A court must favor the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

To survive a motion to dismiss, a complaint must contain material addressed to each material element "necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001). This

material can be either direct or inferential, id. at 683, but it must be factual, see Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007); Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Thus, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Jackson, 372 F.3d at 1262-63 (quoting Oxfort Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)) (internal quotation marks omitted); accord Twombly, 127 S. Ct. at 1965 ("a formulaic recitation of the elements of a cause of action will not do . . . .").

A complaint need not state detailed factual allegations, but it must contain sufficient factual material to raise a right to relief above the speculative level. Twombly, 127 S. Ct. at 1965. To raise a right to relief beyond the speculative level, a complaint must contain "enough factual matter (taken as true) to suggest" each material element of a claim. See Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly 127 S. Ct. at 1965) (internal quotation marks omitted). This requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the elements. Id. (quoting Twombly 127 S. Ct. at 1965) (internal quotation marks omitted). Thus, a complaint must state factual allegations that are not merely consistent with the material elements of a claim, but rather, that plausibly suggest the elements. Twombly, 127 S.

Ct. at 1966.

In short, then, the Court must evaluate a complaint on two dimensions to determine whether it states a claim. First, the Court must determine whether the complaint addresses all the material elements necessary to recovery under some legal theory. Second, the Court must determine whether the complaint addresses these elements with factual material sufficient to raise a right to relief beyond mere speculation. In making these determinations, the Court must accept all allegations as true, view them in the light most favorable to the plaintiff, and draw all reasonable inferences therefrom. Additionally, where the complaint was filed pro se, the Court must construe the complaint liberally in favor of the plaintiff.

**IV. Discussion**

    **A.   The Fair Credit Reporting Act**

The Fair Credit Reporting Act provides private causes of action both against consumer reporting agencies and against those who furnish information to consumer reporting agencies. For example, the Act requires that consumer reporting agencies "follow reasonable procedures to assure maximum possible accuracy of the information" in their reports about consumers. 15 U.S.C. § 1681e(b); see also Equifax, Inc. v. Fed. Trade Comm'n, 678 F.2d 1047, 1049 (11th Cir. 1982) (recognizing that § 1681e(b) can be enforced by private damage suit). The Act also requires a consumer

reporting agency to reinvestigate disputed information in a consumer's file if the consumer notifies the agency that the information is disputed. 15 U.S.C. § 1681i. In response to such a notice, the consumer reporting agency must notify the entity that furnished the disputed information to the consumer reporting agency. 15 U.S.C. § 1681i(a)(2)(A). The Act then requires the furnisher of information to conduct an investigation. 15 U.S.C. § 1681s-2(b). The Act imposes liability on "[a]ny person who is negligent in failing to comply with any requirement imposed under [the Act] . . . ." 15 U.S.C. § 1681o(a).[2]

Thus, the Fair Credit Reporting Act makes a consumer reporting agency liable for negligently failing to follow reasonable procedures to assure maximum possible accuracy of the information in its reports about consumers. The Act also makes a consumer reporting agency liable for negligently failing to reinvestigate disputed information in a consumer's file in response to notice from the consumer that certain information is disputed. The Act makes a furnisher of information liable for negligently failing to investigate disputed information when a consumer reporting agency notifies the furnisher that the consumer has disputed the information. So far as the Court can determine, these are the only potential causes of action Allmond may have under the Fair Credit

---

[2] The Fair Credit Reporting Act also provides for punitive damages where a violation is willful. 15 U.S.C. § 1681n(a).

8

Reporting Act.  The Court first analyzes both potential causes of action Allmond may have against Early Warning as a consumer reporting agency under the Act, and next examines the cause of action Allmond may have against the Bank of America defendants as furnishers of information under the Act.

### 1. Allmond Has Failed to State a Claim Against Early Warning Under the Fair Credit Reporting Act

Under the Act, a consumer reporting agency is "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ."  15 U.S.C. § 1681a(f).  Allmond refers obliquely to Early Warning as a credit reporting agency. Additionally, Allmond attaches to his complaint a document entitled "Consumer Report," which appears to have been prepared by Early Warning.[3]  (Doc. # 1, at 16.)  The document also includes the statement that four named businesses have received information about Allmond during the past year.  In construing his complaint liberally, the Court determines that Allmond alleges Early Warning meets the statutory definition of a credit reporting agency.  The Court now analyzes Allmond's complaint to see if he has stated a

---

[3]In the upper, left-hand corner, the document bears the insignia "pps."  (Doc. # 1, at 16.)  The Court assumes this is a mark used by Early Warning when it did business as Primary Payment Systems.

claim against Early Warning either for failure to use reasonable procedures to assure maximum accuracy or for failure to reinvestigate disputed information.

The Court cannot read Allmond's complaint so liberally as to find factual allegations sufficiently supporting the inference that Early Warning does not follow reasonable procedures to assure maximum possible accuracy in its credit reports. The complaint contains only one statement possibly addressed to Early Warning's procedures:

> On date 3-27-05, Defendants Bank of America, Janet Hunter, Primary Payment Systems, Chex Systems filed false information about the Plaintiff. That the Plaintiff abuse Automated Teller Machine by putting blank envelopes in the machine and receiving money.

(Doc. # 1, at 5.) Thus, Allmond alleges Early Warning prepared a credit report which inaccurately stated that Allmond had abused an automated teller machine. These allegations are not sufficient to state a claim under § 1681e(b); a claim under this section requires more than just an allegation of inaccuracy.

Section 1681e(b) does not impose strict liability upon consumer reporting agencies for inaccuracies. <u>Cahlin v. General Motors Acceptance Corp.</u>, 936 F.2d 1151, 1156 (11th Cir. 1991). Rather, that section makes consumer reporting agencies liable only if they have failed to follow reasonable procedures in preparing consumer reports. 15 U.S.C. § 1681e(b); <u>Cahlin</u>, 936 F.2d at 1156. For that reason, a consumer report that accurately reports

inaccurate information from a creditor is not actionable unless it was unreasonable to rely on that information. Swoager v. Credit Bureau of Greater St. Petersburg, 608 F. Supp. 972, 975 (M.D. Fla. 1985) (finding consumer reporting agency followed reasonable procedures when it reported inaccurate information provided by the creditor, which information the consumer reporting agency had no reason to doubt); see also Cahlin, 936 F.2d at 1160 ("[Credit] reports accurately reflected [the creditor's] current characterization of the account and how it had been previously reported and therefore are not actionable under FCRA."). Irrespective of whether a consumer reporting agency prepared an inaccurate report on a consumer, that consumer simply cannot recover under § 1681e(b) unless the consumer reporting agency failed to use reasonable procedures to assure maximum accuracy. Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994); Stewart v. Credit Bur., Inc., 734 F.2d 47, 51 (D.C. Cir. 1984) ("[A] plaintiff cannot rest on a showing of mere inaccuracy, shifting to the defendant the burden of proof on the reasonableness of procedures for ensuring accuracy: There is no indication that Congress meant to so shift the nominal plaintiff's burden of proof as to requisite components of a claim . . . ."); Johnson v. Equifax, Inc., 510 F. Supp. 2d 638, 647 (S.D. Ala. 2007) ("[The plaintiff] cannot rest upon a showing of a mere inaccuracy and expect the burden to shift to [the credit bureau] to establish the

reasonableness of its procedures."). Accordingly, the Court holds that failure to follow reasonable procedures is a material element necessary to sustain recovery under § 1681e(b). See Millett v. Truelink, Inc., 2006 U.S. Dist. LEXIS 63873, at *12 (D. Del. 2006) (stating that plaintiff must allege failure to follow reasonable procedures); Davis v. Equifax Info. Servs. LLC, 346 F. Supp. 2d 1164, 1171 (N.D. Ala. 2004) (including unreasonableness as part of prima facie case). Thus, a complaint does not state a claim under § 1681e(b) unless it contains at least some material addressed to that element.

This material can be either direct or inferential. Indeed, in some cases, the nature of an inaccuracy itself can support an inference that the consumer reporting agency failed to follow reasonable procedures. Stewart, 734 F.2d at 52 ("In certain instances, inaccurate credit reports by themselves can fairly be read as evidencing unreasonable procedures . . . ."); see, e.g., Barron v. Trans Union Corp., 82 F. Supp. 2d 1288, 1295 (M.D. Ala. 2000) (explaining that discrepancy between account number in report and actual account number supports inference of unreasonable procedures). Whether inferential or direct, the material must be sufficient to suggest that the consumer reporting agency failed to follow reasonable procedures. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

Allmond's complaint fails to meet this requirement. It

contains no factual material sufficiently suggesting that Early Warning failed to follow reasonable procedures. Read liberally, the complaint contains the bare allegation that Early Warning prepared a consumer report which inaccurately stated that Allmond abused an automated teller machine. In the very same sentence, the complaint appears to allege that Bank of America was the source of this inaccurate information. This is the extent of the complaint's allegations on this matter. Clearly, then, the complaint contains no direct allegation that Early Warning did not follow reasonable procedures.

Neither does the complaint contain sufficient inferential material. By itself, the allegation that Early Warning prepared an inaccurate report does not sufficiently support the inference that Early Warning used unreasonable procedures. This allegation is merely consistent with unreasonable procedures; it does not plausibly suggest unreasonable procedures. See Twombly, 127 S. Ct. at 1966 (explaining that allegation must be plausibly suggestive of, rather than merely consistent with, element of claim for relief). This is especially so in light of the apparent allegation that Early Warning accurately reported information supplied by Bank of America. True, it is conceivable that unreasonable procedures contributed to the alleged inaccuracy. Equally though, Early Warning may have followed perfectly reasonable procedures and still produced a report containing inaccurate information from Bank of

America. See, e.g., Swoager v. Credit Bur. of Greater St. Petersburg, 608 F. Supp. 972, 975 (M.D. Fla. 1985). Without more, inaccuracy simply does not suggest unreasonable procedures, at least where the complaint shows that the consumer reporting agency accurately reported information from a national bank. Cf. Twombly, 127 S. Ct. at 1966 n.5 (allegation must be factually suggestive; not merely factually neutral). Accordingly, the Court finds that Allmond's complaint contains insufficient factual material to raise a right to relief above the level of mere speculation. Allmond has not stated a claim under § 1681e(b) against Early Warning.

Allmond has also failed to state a claim against Early Warning for failure to reinvestigate disputed information in Allmond's file at Early Warning. In response to notice of dispute from the consumer, a consumer reporting agency must conduct a reasonable reinvestigation of the disputed information. 15 U.S.C. § 1681i(a). This duty does not arise until the consumer provides notice of the dispute. Id. Thus, to state a claim for violation of this section, the consumer must allege that he gave notice to the consumer reporting agency. Allmond's complaint contains no suggestion that he provided notice to Early Warning.[4]

---

[4]In his response to the defendants' motions to dismiss, Allmond attaches a letter -- apparently from Early Warning -- stating that Early Warning had received a notice of dispute from Allmond and had performed a reinvestigation. (Doc. # 16-2, at 2.) The Court does not accept materials included in response to a motion to dismiss in evaluating whether Allmond's complaint states a claim. The Court notes without further comment that the only

Consequently, Allmond fails to state a claim under § 1681i.

### 2. Allmond Has Failed to State a Claim Against the Bank of America Defendants Under the Fair Credit Reporting Act

Allmond's complaint contains no allegations suggesting that any of the Bank of America defendants is a consumer reporting agency. Rather, it is clear that these defendants were the source of the information that was communicated to Early Warning. As furnishers of information, these defendants may be liable in a private lawsuit if they violated § 1681s-2(b). If a consumer provides notice of a dispute to a consumer reporting agency, the agency must within five days notify the furnisher of the disputed information. 15 U.S.C. § 1681i(a)(2). After receiving notice, the furnisher must then investigate the disputed information. 15 U.S.C. § 1681s-2(b). To state a claim under § 1681s-2(b), a consumer must allege facts demonstrating that the requisite notice was given. <u>Knudson v. Wachovia Bank, N.A.</u>, 513 F. Supp. 2d 1255, 1258 (M.D. Ala. 2007) (dismissing claim under § 1681s-2(b) because plaintiff did not allege "facts to demonstrate that the requisite notice was given"). Because Allmond's complaint is completely devoid of allegations addressed to notice, his complaint fails to state a claim against the Bank of America defendants under § 1681s-2(b).

---

material supporting the notice element also appears to negate the failure-to-reinvestigate element.

### B. State-Law Defamation

It appears Allmond may seek to state a claim for defamation under Florida law. (See Doc. # 1, at 6 ("Defendants . . . maliciously slander and libel the Plaintiff . . . .").) Inasmuch as Allmond seeks to raise a defamation claim against the Bank of America defendants, such claim is preempted by the Fair Credit Reporting Act.

The Act's general preemption provision provides, "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681t(b)(1)(F).  Thus, § 1681t(b)(1)(F) "does not allow for state law prohibitions or requirements which relate to the responsibilities of furnishers of information to consumer reporting agencies." Knudson, 513 F. Supp. 2d at 1259. It appears Allmond has alleged the Bank of America defendants reported false credit information about him to Early Warning. Section 1681s-2 governs the Bank of America defendants' responsibilities to furnish accurate information to consumer reporting agencies such as Early Warning. Consequently, Allmond's state-law claims are preempted inasmuch as they allege the Bank of America defendants furnished inaccurate information to Early Warning. The complaint contains no other possible state-law claims

16

against the Bank of America defendants.  Accordingly, Allmond has failed to state a claim under state law against the Bank of America defendants.

Allmond has stated a defamation claim under Florida law against Early Warning.  "The elements of [a] defamation claim are: (1) the defendant published a false statement; (2) about the plaintiff; (3) to a third party; and (4) the falsity of the statement caused injury to [the] plaintiff." Border Collie Rescue, Inc. v. Ryan, 418 F. Supp. 2d 1330, 1348 (M.D. Fla. 2006); accord Furmanite America, Inc. v. T.D. Williamson, Inc., 506 F. Supp. 2d 1134, 1140 (M.D. Fla. 2007).  Read liberally, Allmond's complaint alleges Early Warning falsely stated Allmond had abused an automated teller machine by putting blank envelopes in the machine and receiving money.  Early Warning communicated this false statement to several banks.  The false statement caused the banks to refuse to do business with Allmond.  Early Warning is correct that Allmond's complaint is somewhat vague and confusing, but it is not so opaque that the Court cannot discern sufficient factual allegations addressed to each element of a defamation claim under Florida law.

The Court notes that § 1681h(e) provides a qualified immunity for consumer reporting agencies against state-law defamation claims where the consumer brings his claim based on information the consumer reporting agency was required to disclose under the Fair

17

Credit Reporting Act. Hood v. Dun & Bradstreet, Inc., 486 F.2d 25, 32 (5th Cir. 1973) (explaining that § 1681h(e) "does not preclude an action at common law except where information that would give rise to a cause of action is obtained by the complainant pursuant to the provisions of the Act."). This immunity was the quid pro quo for mandatory disclosure. Freeman v. S. Nat'l Bank, 531 F. Supp. 94, 95 (S.D. Tex. 1982). Having required consumer reporting agencies to provide information to consumers, Congress shielded the agencies from liability based on the information disclosed. The shield was only partial, though. Agencies are not shielded where they have furnished false information "with malice or willful intent to injure" the consumer. 15 U.S.C. § 1681h(e). Consequently, if Allmond's state-law defamation claim is founded on information obtained under the mandatory disclosure provisions specified in § 1681h(e), his claim is barred unless Early Warning furnished false information with malice or willful intent to injure Allmond.

## V.  Conclusion

Allmond has failed entirely to state a claim against the Bank of America defendants. Therefore, Allmond's complaint must be dismissed against the Bank of America defendants. Allmond has stated only one claim against Early Warning, a claim for defamation under Florida law. Any other claims Allmond seeks to bring against Early Warning in the instant complaint are dismissed. Because

Allmond may be able to state a claim against the Bank of America defendants or to state a further claim against Early Warning, these dismissals are without prejudice.  Should Allmond wish to file an amended complaint, he must do so within TWENTY DAYS of the date of this Order.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1.   The Bank of America defendants' motion to dismiss (Doc. # 11) is hereby **GRANTED**.  Allmond's complaint is dismissed without prejudice as to these defendants.

2.   The Motion to Dismiss Complaint by Defendant, Primary Payment Systems, Inc. (Doc. # 12) is hereby **GRANTED IN PART AND DENIED IN PART** as follows: Allmond's complaint is dismissed without prejudice except inasmuch as it states a claim against this defendant for defamation under Florida law.

3.   Should Allmond wish to file an amended complaint, he shall do so within TWENTY DAYS of the date of this Order.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 23rd day of January 2008.

                                                VIRGINIA M. HERNANDEZ COVINGTON
                                                   UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record