UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Darryl Allmond,
  Plaintiff
v.
Bank of America, et al.
  Defendants

CASE NO: 3:07-cv-186 JRK
Plaintiff's oppose Defendants MOTION FOR PROTECTIVE ORDER

COME NOW___ Darryl Allmond, Plaintiff move this Court to deny defendants Eddie Carrasco and Kenneth Lewis motion for a Protective orders on the grounds therefore state as follows:

## STATEMENT OF FACTS

Plaintiff alleges that Bank of America "filed false information about him which prohibited him from doing business with other banks. In Particular, Mr. Allmond states that he was falsely accused of putting blank envelopes into Automated Teller Machines and take money out that was not in his account. Plaintiff also states that he was in the Duval County Jail at the time the debit card was used and it was reported stolen on Feb. 19, 2005.

1.

SEE Exhibit A & B.

Defendants Bank of America and Eddie Carrasco fail to freeze his ATM card or change the card number for at least 6 days after the report to defendant Carrasco and many other unauthorized withdrawals occurred. Mr. Allmond contacted Kenneth Lewis [CEO] of Bank of America regarding the above matter however, defendant Lewis fail to take any kind of reasonable actions and all the defendants fail to take reasonable action or follow reasonable procedure to assure the truth of the matter and provide such libel and slanderous information to 3rd parties.

On date Feb. 1, 2008, Honorable James R. Klindt United States Magistrate Judge, Denied as moot, Defendants Eduardo Carrasco and Defendant Kenneth Lewis's Motion for Protective order (Doc. 26). Defendant Bank of America, N.A.'s Amended Motion to Compel Better Answers to Discovery (Doc. 28), and Plaintiff's Motion to Compel Discovery.

## ARGUMENT

Rule 26(c) of the Federal Rules of Civil Procedure states that for "good cause shown. Gulf Oil Co. v. Bernard 425 U.S. 89, 102 (1981).

Defendants made misrepresentation in their certification of service falsely stating their motion was U.S. mail this 20th day of April, 2008. However, filed with on 4/14/08. April 20th, 2008 is not yet come to date.

2.

Defendants motion should be denied. for a protective order during discovery, their argument "apex doctrine" do not apply, Plaintiff has not yet deposed the defendants.

Defendants Eddie Carrasco and Kenneth Lewis are sued in their individual and official capacities for their tortious acts. Plaintiff have sought less burdensome avenues for obtaining information, such as interrogatories and notices to produce and request for settlement. Defendants have personal knowledge of some facts and have not yet provided Plaintiff will all relevant discovery. see: amended Complaint filed.

Information regarding the defendant character is relevant within the scope of discovery demands. Further, Plaintiff's sole motivation for propounding discovery on defendant Lewis and Carrasco as individuals is to seek the truth, and remove the false statement made about the Plaintiff from his credit report and held accountable for crossing the line, by violating Plaintiff's civil rights.

Defendants fail to confer with Plaintiff before filing their motion contrary to Local Rule 3.1(g) by writing or by phone call as with their prior motion for enlargement of tim. Their motion must be denied.

Therefore: Plaintiff demands that this Honorable Court denied their motion for Protective Order and award of, reasonable attorney fees and cost associated with this matter and any further relief this Court deems just and proper. Defendants harass and annoy the Plaintiff and cause prejudice

in responding to this motion without good cause. Further defendants motion to dismiss must be denied as it appears Honorable James R. Klindt. U.S.m.J. order filed 2/29/08 address the issue of dismissal.

By: Darryl Allmond, Pro Se

3830 University Blvd- S.
#31
Jax- Fl. 32216
904-367-1631

4-14-08

4.

March 28, 2008

**Darryl Allmond (Plaintiff)**  case No. 3:07-Cv-186-J-33JRK
3830 university Blvd. S. Apt 31
Jacksonville, Fl. 32216
-vs-
Bank of America, et al; Eddie Corasco;
Janet Hunter; Chex System;
Primary Payments Inc; Ken Lewis, Ceo;
John and Jane Does, (**Defendants.**)

## Claim Settlement

Bank of America, referred to herein as the First Party, and Darryl Allmond, referred to as the Second Party, agree:

That the parties have a potential claim dispute.

In full and complete settlement of any and all claims under the laws of any applicable jurisdiction, First Party (Bank of America) shall pay $100,000 to Second Party (Darryl Allmond) related to or arising from the claim referred to herein. Said settlement shall also include any attorney's fees or claim/litigation expenses.

This release shall also inure to the benefit of all Parties.

This release shall be contingent upon the approval of the Court and all parties. Upon final approval, which shall be defined as an approval for which no further review is possible, payment shall be made. In the event that the settlement is not approved this agreement shall be void and of no effect.

READ CAREFULLY. THIS IS A FINAL AND BINDING AGREEMENT AND WAIVER OF ALL FUTURE RIGHTS. UPON PAYMENT, THE SECOND PARTY WILL HAVE NO FUTURE RIGHTS.

This is the entire agreement between the parties and may only be varied by a writing executed by the parties.

Dated: March 28, 2008_

_____
First Party

_____
Second Party

Exhibit (A)

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

DARRYL ALLMOND, PARALEGAL,   CASE NO. 3:07-CV-186-J-33JRK

    Plaintiff,

vs.

BANK OF AMERICA, et al.; EDDIE CORASCO; JANET HUNTER; CHEX SYSTEMS; PRIMARY PAYMENTS INC.; KEN LEWIS, CEO; JOHN AND JANE DOES,

    Defendants.

_____/

## MOTION FOR PROTECTIVE ORDER

EDUARDO CARRASCO, incorrectly named in the Complaint as "EDDIE CORASCO", and KENNETH LEWIS, through their undersigned counsel, hereby move pursuant to Rule 26(c) for a protective order precluding each individual from responding to Plaintiff's Request for Production and Second Set of Interrogatories and as grounds therefore state as follows:

## STATEMENT OF FACTS

In his Amended Complaint, the Plaintiff ("Mr. Allmond"), alleges that Bank of America "filed false information" against him which prohibited him from opening accounts at other banks. In particular, Mr. Allmond states that he was falsely accused of putting blank envelopes into Automated Teller Machines so that he could withdraw money which was not in his account. Mr. Allmond further alleges that his debit card was stolen while he was in prison and that it was used in a series of unauthorized transactions. Mr. Allmond contends that he informed Bank of America that his card was stolen on February 19, 2005. However, he claims that Bank of America did not close

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

Exhibit B

the account or freeze his ATM card until February 23, 2005 and that several unauthorized withdrawals had occurred during the interim. Mr. Allmond claims damages under the Federal Fair Credit Reporting Act ("FCRA") against Bank of America for alleged harm to his credit worthiness. Mr. Allmond also makes these same allegations as to Mr. Lewis and Mr. Carrasco.

## ARGUMENT

### I. STANDARD FOR GRANTING PROTECTIVE ORDERS

Rule 26(c) of the Federal Rules of Civil Procedure states that for "good cause shown, the Court in which the action is pending... may make any Order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Good Cause within the meaning of Rule 26(c) requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 425 U.S. 89, 102 (1981). Furthermore, at least with respect to the discovery served upon Mr. Lewis, the "apex doctrine" applies in this matter. According to the "apex doctrine", a corporate executive officer should not be subjected to deposition unless it is shown that the executive has unique or special knowledge of the facts at issue and other less burdensome avenues for obtaining the information sought have been exhausted. *Mills v. Wal-Mart Stores, Inc.*, 2007 WL 2298248 (W.D. Ark., 2007). Therefore it follows that a corporate executive officer should not be subjected to discovery or even made a party to litigation absent a similar showing.

### II. MR. LEWIS OR MR. CARRASCO ARE ENTITLED TO A PROTECTIVE ORDER AS PLAINTIFF'S DISCOVERY SEEKS MERELY TO HARASS AND ANNOY BOTH INDIVIDUALS

Mr. Lewis, the CEO of Bank of America, and Mr. Carrasco, a branch manager, have been included in this action despite the fact that Florida law states that liability cannot be imposed against an officer or agent of a corporation unless that individual has committed a tortious act in their

- 2 -

individual capacity.[1] *White-Wilson Medical Center v. Dayta Consultants, Inc.*, 486 So.2d 659 (Fla. 1st DCA, 1986). Plaintiff has not made any allegations of individual tortious acts against either individual. Furthermore, Plaintiff has failed to show that Mr. Lewis has any unique or special knowledge of the facts at issue and other less burdensome avenues for obtaining the information sought have been exhausted.

In addition, the discovery which Plaintiff has propounded on both Mr. Lewis and Mr. Carrasco seeks merely to harass and annoy both individuals. Plaintiff has included in his discovery, requests that both individuals produce copies of their resumes and employment files. Plaintiff has also asked both individuals whether they have ever committed a crime. Furthermore, Plaintiff's discovery requests appear to have been copied directly from the standard personal injury interrogatories and requests for production which the Supreme Court has approved in personal injury litigation without any thought as to whether the questions are relevant to a cause of action based upon an alleged violation of the Fair Credit Reporting Act. (See Plaintiff's Request for Production and First Set of Interrogatories, attached hereto as Exhibits "A" and "B.") In fact, all of Plaintiff's requests are irrelevant because they are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the sole motivation for propounding discovery on Mr. Lewis and Mr. Carrasco as individuals was a desire to annoy and harass. Accordingly, both Mr. Lewis and Mr. Carrasco are entitled to the entry of a protective order.

**WHEREFORE**, BANK OF AMERICA, N.A. demands that this Honorable Court enter a Protective Order precluding both Mr. Lewis and Mr. Carrasco from answering Plaintiff's discovery and petitions this Honorable Court for an award of reasonable attorneys' fees and costs associated with this matter, and any further relief this Court deems just and proper.

---

[1] At present, Bank of America has a Motion to Dismiss pending based upon these grounds.

-3-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Respectfully submitted,

s/ Marc T. Parrino
J. RANDOLPH LIEBLER
Florida Bar: 507954
MARC T. PARRINO
Florida Bar No. 0018197
*Attorney for Bank of America, Eduardo Carrasco and Ken Lewis*
**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626
Email: jrl@lgplaw.com; mtp@lgplaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been served via CM/ECF electronic transmission and via U.S. Mail this 20th day of April, 2008, to: Darryl Allmond, *pro se*, 5800 Barnes Road South, Apt. #25, Jacksonville, Florida 32216.

s/ Marc T. Parrino
MARC T. PARRINO

Z:\649-9406\M-PO.P02.wpd

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the above foregoing has been served on Mr. Marc T. Parrino, Esq. via U.S. mail on 04/14/2008, at Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, Fl. 33130.

BY: Darryl Almond, Pro-Se
3830 University Blvd South
#31
Jacksonville, Fl - 32216
904-367-1631
4/14/08

5.