				UNITED STATES DISTRICT COURT
				 MIDDLE DISTRICT OF FLORIDA
				   JACKSONVILLE DIVISION

DARYLL ALLMOND,

		Plaintiff,

v.						Case No.   3:07-cv-186-J-33JRK

BANK OF AMERICA, et al.,

		Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to a defense motion filed on February 18, 2008. The motion, filed by defendant Early Warning Services, LLC (formerly Primary Payment Systems, LLC), requests that the Court dismiss Allmond's amended complaint for failure to state a claim. (Doc. # 44.) Allmond filed a response to this motion on February 27, 2008. (Doc. # 48.) For the reasons that follow, the motion to dismiss Allmond's amended complaint against Early Warning is granted in part and denied in part.

**I.	Standard of Decision**

On a motion to dismiss, a district court must accept as true all the allegations in the complaint and construe them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). A court must favor the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts

1

stated in [the] complaint and all reasonable inferences therefrom are taken as true."). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

To survive a motion to dismiss, a complaint must contain factual allegations addressed to each material element "necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. For Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001). However, "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007); accord Jackson v. Bell South Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004) ("Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." (internal quotation marks omitted) (quoting Oxford Asset Mgmt., Ltd. V. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002))). Although a complaint need not state detailed factual allegations, the complaint must state factual allegations that are not merely consistent with the material elements of a claim, but rather, that plausibly suggest the elements. Twombly, 127 S. Ct. At 1966.

In short, then, the Court must evaluate a complaint on two dimensions to determine whether it states a claim. First, the Court must determine whether the complaint addresses all the material

elements necessary to recovery under some legal theory. Second, the Court must determine whether the complain addresses these elements with factual material sufficient to plausibly suggest a right to relief. In making these determinations, the Court must accept all allegations as true, view them in the light most favorable to the plaintiff, and draw all reasonable inferences therefrom. Additionally, where the complaint was filed pro se, the Court must construe the complaint liberally in favor of the plaintiff.

## II. Discussion

### A. Allmond's Amended Complaint

On January 23, 2008, the Court dismissed Allmond's original complaint against Early Warning for failure to state a claim under the Fair Credit Reporting Act but declined to dismiss Allmond's defamation claim against Early Warning. (Doc. # 38 at 14.) The crux of the Court's order of dismissal was that Allmond's complaint contained insufficient factual material to raise a right to relief beyond mere speculation.[1] (Doc. # 38 at 7.)

The essential allegations of the amended complaint are as follows. On March 27, 2005, Bank of America informed Early Warning

---

[1] In the motion to dismiss, Early Warning erroneously states that the Court dismissed Allmond's prior claim because it lacked requisite "terms of art." (Doc. # 44 at ¶ 3.) The Court stated in its order that the dearth of any factual allegations, as opposed to the absence of "terms of art," rendered Allmond's complaint deficient. Accordingly, the Court stresses that it does not look to the presence or absence of "terms of art" when deciding this motion to dismiss.

3

(formerly Primary Payment Systems)that Allmond had somehow abused automated teller machines. (Doc. # 43 at ¶ 12.) Allmond asserts that he did not abuse any machines and that the information, originating from Bank of America and reported by Early Warning, was false. (Doc. # 42 at ¶ 12.) Due to Early Warning's "false, slanderous, malious [sic], willful negligence" in reporting this information to third party financial institutions, those financial institutions refused to do business with Allmond and, as a result, refused to allow Allmond to open bank accounts, obtain credit cards, or receive auto insurance. (Doc. # 43 at ¶ 15.)

Allmond's precise legal theories remain unclear, however, the Court can discern two possible claims[2]: (1) the actions of Early Warning violated the Fair Credit Reporting Act ("FCRA"), under 15 U.S.C. §§ 1681e(b) and 1681i; and (2) the actions of Early Warning constituted defamation under Florida law.

> **B.    Allmond has Failed to State a Claim Against Early Warning Under § 1681e(b) of the FCRA.**

The Fair Credit Reporting Act provides private causes of

---

[2]The Court cannot discern any basis for Allmond's vague assertion of First Amendment or Fourteenth Amendment violations. Allmond simply states that "[defendants] violated plaintiff's clearly established civil and constitutional rights" and that their acts were "wilful with evil motive." (Doc. # 43 at ¶ 8.) Allmond fails entirely to raise any factual allegations supporting his constitutional theories of recovery against Early Warning. Allmond's attempt to pursue constitutional theories is plainly frivolous, and the Court need not discuss the matter further.

action against credit bureaus, such as Early Warning.[3] The FCRA is intended "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." Equifax v. Fed. Trade Comm'n, 678 F.2d 1047, 1048 (11th Cir. 1982); see also Deandrade v. Trans Union LLC, 523 F.3d 61, 67 (1st Cir. 2008) (citing S. Rep. No. 108-166, 108th Cong., 1st Sess. 5-6 (2003) ("The driving force behind the [1996 amendments to the FCRA] was the significant amount of inaccurate information that was being reported by consumer reporting agencies and the difficulties that consumers faced getting such errors corrected.")). To that end, the FCRA provides, "a consumer reporting agency shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

The Court has already held that failure to follow reasonable procedures is a material element necessary for recovery under § 1681e(b). (Doc. #38 at 10.) For that reason, the plaintiff must plead factual material addressed to this element.

Allmond's allegations, even when viewed in the light most

---

[3] Under the FCRA, a consumer reporting agency or credit reporting agency is "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . ." 15 U.S.C. § 1681a(f). In construing his complaint liberally, the Court determines that Allmond alleges Early Warning meets the statutory definition of a credit reporting agency.

5

favorable to Allmond, are not sufficient to set out a violation of § 1681e(b). Allmond's amended complaint contains no material plausibly suggesting that Early Warning failed to follow reasonable procedures when reporting the information regarding Allmond. Read liberally, the complaint simply asserts that Early Warning prepared an inaccurate credit report based on information provided by Bank of America. (Doc. # 43 at ¶ 12.) Allmond merely recites the legal conclusion ("failed to follow reasonable procedures") without any factual allegations in support. (Doc. # 48 at 2.)

A complaint must state factual allegations that are not merely consistent with the material elements of a claim, but rather, that plausibly suggest the elements. <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1966 (2007). The Court does not find that Allmond states a claim merely by quoting the "terms of art" that encompass a given legal theory. <u>See</u> <u>id.</u> at 1964-1965 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). There is simply no suggestion that it was unreasonable for Early Warning to rely on information supplied by Bank of America. <u>See</u> <u>Ruffin-Thompkins v. Experian Info. Solutions, Inc.</u>, 422 F.3d 603, 608 (7th Cir. 2005) (holding that credit bureau is not liable for initially reporting consumer information that is later disputed where the bureau has no reason to believe that the source is unreliable). Given that

Allmond's allegations entirely fail to plausibly suggest that Early Warning did not follow reasonable procedures, Allmond does not state a § 1681e(b) claim. Accordingly, the Court must dismiss Allmond's § 1681e(b) claim.

### C. Allmond Successfully States a Claim Against Early Warning Under § 1681i of the FCRA

Once a credit bureau receives either direct or indirect notice of disputed information, the FCRA requires credit bureaus to reinvestigate a disputed claim within thirty days of receiving notice. 15 U.S.C. § 1681i(a)(1)(A). Thus, to state a claim for violation of this section, the consumer must allege that the credit reporting agency had notice of the disputed information and failed to reinvestigate.

Allmond successfully alleges that Early Warning had notice of the disputed information. The Court has a duty to "liberally construe" pro se pleadings and to hold pro se pleadings to a "less stringent standard than pleadings drafted by attorneys." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). In the amended complaint, Allmond asserts that he called Early Warning repeatedly to provide notice of the inaccurate information in his credit report and, instead of investigating the dispute, Early Warning employees would simply terminate the phone call. (Doc. # 43 at ¶ 15.) Based on these allegations, it is reasonable for the Court to infer that Allmond's numerous phone calls afforded Early Warning notice of the disputed accuracy of Allmond's credit report,

7

see First Nat'l Bank of Melbourne v. Sogaard & Debo, Inc., 406 F.2d 1128, 1133 (5th Cir. 1969) (recognizing that a phone call from an account holder to the bank, informing the bank that "something fishy" was happening with the account, was sufficient to give the bank notice of a potential forgery), and that Early Warning did not conduct a reinvestigation.[4]

### III. Conclusion

Allmond failed to state a constitutional claim against Early Warning; therefore, any such claim is dismissed. Allmond has failed to state a claim against Early Warning under 15 U.S.C. § 1681e(b); therefore, that claim is dismissed. However, Allmond has stated enough factual allegations to plausibly suggest a violation of § 1681i by Early Warning. As Allmond's allegations of defamation against Early Warning are identical to those that were allowed in the original complaint, Allmond has also successfully pleaded a state-law defamation claim.

Allmond has tried and failed twice to plausibly suggest unreasonable procedures. The Court grants Allmond one final opportunity to amend. Should he avail himself of this opportunity, he must be aware that he cannot raise a claim with the bald

---

[4] Because a credit bureau is required to provide the consumer with prompt notice of a reinvestigation at the completion of the reinvestigation, 15 U.S.C. § 1681(a)(6)(A), the credit bureau likely has records of any reinvestigation. For that reason, it appears that it would be a simple matter to seek summary judgment on this issue if the credit bureau actually undertook a reinvestigation.

assertion that Early Warning failed to follow reasonable procedures. The Court will summarily dismiss any such claim unless Allmond includes sufficient factual material to plausibly suggest that Early Warning failed to follow reasonable procedures.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendant Early Warning's Motion to Dismiss Amended Complaint is hereby **GRANTED IN PART AND DENIED IN PART** as follows: Allmond's complaint is dismissed without prejudice except inasmuch as it states a claim against this defendant for defamation under Florida law and for a violation of the Fair Credit Reporting Act under 15 U.S.C. § 1681i for failure to reinvestigate.

2. Should Allmond wish to file an amended complaint, he shall do so within TEN DAYS of the date of this Order.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 16th day of June 2008.

                                                            _____
                                                            VIRGINIA M. HERNANDEZ COVINGTON
                                                            UNITED STATES DISTRICT JUDGE


Copies: All parties and counsel of record.